SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Acting Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
Telephone: 415.436.6857
Facsimile:   415.436.6748
Email: patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 07 5166 |
| Plaintiff, | |
| v. | COMPLAINT FOR FORFEITURE |
| APPROXIMATELY $31,901 IN UNITED STATES CURRENCY, | |
| Defendant. | |

NATURE OF THE ACTION

1.  This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving the seizure of defendant Approximately $31,901 in United States Currency ("defendant $31,901") which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a violation Subchapter I, Chapter 13 of Title 21 United States Code.

JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and 21 U.S.C. § 881(a)(6).

3. This action is timely filed in accordance with 18 U.S.C. § 983(a)(3)(A).

4. Venue in this Court is proper because defendant $31,901 was seized in the Northern District of California. 28 U.S.C. §§ 1355(b) and 1395.

5. Intra-district venue is proper in the San Francisco Division within the Northern District of California.

PARTIES

6. Plaintiff is the United States of America.

7. Defendant is Approximately $31,901 in United States Currency.

FACTS

8. On or about May 15, 2007, DEA received detailed information that Kenneth Wayne Baldwin Jr. ("BALDWIN") and Graci Adia Maldonado ("MALDONADO") were returning on a round trip return flight from Atlanta, Georgia, to San Francisco International Airport ("SFO") on Delta Airlines Flight #611 with no checked luggage.

9. BALDWIN and MALDONADO made the reservations on the day of travel, May 13, 2007, at approximately 12:00 a.m. and paid approximately $1,764 for the two round trip tickets which were purchased with a Visa credit card. BALDWIN and MALDONADO's out bound flight from SFO to Atlanta was Delta Airlines flight #1478 which left SFO at 10:35 p.m. on May 13, 2007 and arrived in Atlanta at 6:03 a.m. on May 14, 2007. Originally, BALDWIN and MALDONADO were scheduled to return to SFO on Delta Airlines flight #897 at 8:20 p.m. on May 14, 2007, but they later rescheduled their return flight to #611 which arrived at SFO on May 15, 2007 at approximately 1:15 p.m.

10. Special Agent ("S/A") Willie Byrd conducted a check of a commercial database, an NCIC check, a check of DEA indices and a check on employment records with the California Employee Development Department ("EDD") for BALDWIN and MALDONADO.

///

Complaint for Forfeiture
No. 07-                                    2

11. A commercial data base search revealed where BALDWIN resided and gave his California drivers license number. An NCIC check revealed that BALDWIN was a black male, 6'4" tall, weighing 190 pounds, with black hair, brown eyes and was born on September 10, 1977. Records further showed he has an extensive criminal history, including a felony conviction in Kansas for possession of Depressants/Stimulants/ Hallucinogenics/Steroid in 2003. A DEA indices check revealed that $32,000 in United States Currency and a marijuana cigarette were seized on May 7, 2001 from BALDWIN at Nashville International Airport in Nashville, Tennessee and the $32,000 was later forfeited to the United States. EDD had no records showing that BALDWIN had been paid employed during the period from 2005 through March of 2007.

12. A commercial data base search revealed where MALDONADO resided and gave her California drivers license number. An NCIC check revealed that MALDONADO was a black female, 5'4" tall, weighing 135 pounds, with brown hair, brown eyes and was born on March 13, 1977. Records further showed she has a criminal history with arrests in California, Georgia and Nevada. EDD had no current reported employment and the last reported wages for her were from June of 2006.

13. After Delta Airline flight #611 arrived at gate C40 at SFO at approximately 1:15 p.m., agents from DEA Task Force 2 observed BALDWIN and MALDONADO deplane carrying four pieces of luggage. S/A Willie Byrd and Task Force Agent ("TFA") Steve Maes approached BALDWIN and MALDONADO just after they passed the secured check point and identified themselves. S/A Byrd asked BALDWIN for identification and about the purpose of his travel. BALDWIN responded that he just flew in from Atlanta, Georgia, with MALDONADO because MALDONADO had a court appearance. BALDWIN showed his United States Passport as identification.

14. S/A Byrd informed BALDWIN that he detected the odor of marijuana and asked him if he had any marijuana, illegal drugs or large amounts of United States Currency in his possession. BALDWIN said "no, no, no, you don't smell no marijuana on me." S/A Byrd told BALDWIN that the odor was strong and he either had just smoked marijuana on the plane or had it in his possession. BALDWIN reached into his sock of his right leg and pulled out a small clear

Complaint for Forfeiture
No. 07-                                    3

1 plastic bag containing what appeared to be marijuana. BALDWIN gave the marijuana to S/A
2 Byrd and stated "here that's all I have." S/A Byrd asked BALDWIN if he could search his
3 person for more illegal narcotic, and BALDWIN responded "yes." S/A Byrd located a bundle of
4 United States Currency in BALDWIN's right front pants pocket. S/A Byrd asked BALDWIN
5 how much money he had in his possession. BALDWIN responded "ten thousand." During
6 questioning, BALDWIN's hands began to tremble and he began to stutter.

7     15. S/A Byrd asked BALDWIN if agents could search his luggage. BALDWIN
8 replied "no." S/A Byrd explained to BALDWIN that the agents had enough probable cause to
9 believe the luggage contained narcotics or currency that was possible proceeds of narcotics
10 transactions. S/A Byrd told BALDWIN that agents would bring in a trained narcotics canine to
11 check out the two Louie Vuitton luggage pieces and then obtain a search warrant. BALDWIN
12 then stated "go ahead."

13     16. S/A Byrd called in TFA Marty Mahon to respond to the location with his certified
14 narcotics detection canine, "Maximus." Maximus alerted to the two Louie Vuitton luggage
15 pieces by barking and scratching. This is an indication to TFA Mahon that the odor of narcotics
16 was emanating from the luggage. "Maximus" is certified to detect heroin, cocaine, marijuana
17 and methamphetamine. TFA Mahon has handled and trained "Maximus" since May of 2001.
18 "Maximus" has successfully located drugs in over 300 times in past cases and training.

19     17. S/A Byrd asked BALDWIN if agents could search his luggage. BALDWIN
20 replied that he would allow agents to search the luggage and requested that the agents move to a
21 more discreet area due to the high volume of travelers. Agents agreed and moved to a nearby
22 area with fewer travelers.

23     18. S/A Byrd began by searching the Louie Vuitton computer bag of BALDWIN and
24 located a large bundle of rubber banded United States Currency inside of the main
25 compartment's side pocket. TFA Maes questioned BALDWIN about the source of the currency
26 in his possession. BALDWIN told agents that he is a Rap Producer and made money for doing
27 concerts. TFA Maes asked if BALDWIN had any bank withdrawal or deposit receipts.
28 BALDWIN stated "I don't believe in banks because they rip you off" and explained he kept his

Complaint for Forfeiture
No. 07-                          4

1  money in a safe at home. BALDWIN stated that he planned to use the money to invest in a
2  Smoothie King business.

3      19.    S/A Byrd then searched BALDWIN's Louie Vuitton roller luggage. While
4  searching the luggage, S/A Byrd observed men and women's clothing items. S/A Byrd located
5  two large bundles of United States Currency bound together with rubber bands inside the pockets
6  of a pair of men's cargo pants. TFA Maes commented to BALDWIN that there appeared to be
7  more than ten thousand in currency. BALDWIN stated "yeah, it's actually twenty thousand."
8  TFA Maes reminded BALDWIN that he told agents he had ten thousand dollars in his
9  possession. BALDWIN stated "nah, I know exactly how much I have. Twenty thousand."

10      20.    S/A Byrd continued to search the Louie Vuitton roller luggage and located two
11  shoe boxes that contained brand new men's Nike tennis shoes. S/A Byrd found four bundles of
12  United States Currency, one rubber-banded bundle inside of each shoe.

13      21.    S/A Byrd told BALDWIN that he was going to seize the currency pending further
14  investigation. BALDWIN said he had no money to get home. TFA Maes counted out $202 of
15  the United States Currency and gave it to BALDWIN.

16      22.    At the same time that S/A Byrd was talking to BALDWIN, TFA Maes and S/A
17  Jay Dial interviewed MALDONADO who informed agents that she was pregnant and engaged to
18  BALDWIN. MALDONADO stated that she had traveled to Atlanta to attend court and showed
19  agents some court documents. TFA Maes asked MALDONADO if he could search her luggage.
20  MALDONADO stated "yes." S/A Dial search MALDONADO's Louie Vuitton purse and a
21  shopping bag that contained two pillows and a pair of shoes, but did not located any illegal drugs
22  or large bundles of currency.

23      23.    TFA Mahon had his certified narcotic detection canine, "Maximus," examine
24  defendant $31,901. During a systematic search of the Task Force 2 file room where the currency
25  had been secreted, "Maximus" located and gave a positive alert to the currency which indicated
26  the odor of narcotics emanating from it.

27      24.    The denominations of the defendant $31,901 were: 82 x $100 dollar bills; 35 x
28  $50 dollar bills; 829 x $20 dollar bills; 385 x $10 dollar bills; 304 x $5 dollar bills; 1 x

Complaint for Forfeiture
No. 07-                           5

1 $1 dollar bill. The packaging and denominations of defendant $31,901 are consistent with those
2 used for, or from, the sale of illegal controlled substances.
3   25.   Due to the totality of the circumstances, defendant $31,901 in United States
4 currency was seized as money furnished or intended to be furnished by a person in exchange for
5 a controlled substance, or traceable to such an exchange, or money used or intended to be used to
6 facilitate a violation of Subchapter I, Chapter 13 of Title 21 United States Code.  Specifically,
7 based on the training and experience of the Task Force agents, the totality of the circumstances
8 on which the seizure was based included the denominations of and packaging of the currency in
9 multiple bundles with rubber bands, no verification of the source of the currency, the canine
10 positive alert, the possession by BALDWIN of marijuana, airline tickets purchased on the same
11 day of travel, a quick turn around trip, nervous behavior and BALDWIN's prior attempt transport
12 currency.

## VIOLATION

14   26.   The United States incorporates by reference the allegations in paragraphs one
15 through 25 as though fully set forth.
16   27.   Section 881(a)(6) of Title 21 of the United States Code, provides for the
17 forfeiture of all money furnished or intended to be furnished by any person in exchange for a
18 controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21
19 United States Code, all proceeds traceable to such an exchange and all money used or intended to
20 be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21 United States Code.
21   28.   In light of the foregoing, defendant $31,901 in United States Currency is subject
22 to judicial forfeiture.
23         *   *   *   *   *
24   WHEREFORE, plaintiff United States of America requests that due process issue to
25 enforce the forfeiture of defendant $31,901; that notice be given to all interested parties to appear
26 and show cause why forfeiture should not be decreed; that judgment of forfeiture be entered; that
27 ///
28 ///

Complaint for Forfeiture
No. 07-                                                  6

the Court enter judgment forfeiting defendant $31,901; and that the United States be awarded such other relief as may be proper and just.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: October 9, 2007

_____
STEPHANIE M. HINDS
Assistant United States Attorney

Assigned to: *Kenney*
AUSA Kenney

Complaint for Forfeiture
No. 07-                                     7

VERIFICATION

I, Willie Byrd, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration Task Force, United States Department of Justice, and am the case agent. As such, I am familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of October, 2007, in San Francisco, California.



WILLIE BYRD
Special Agent
Drug Enforcement Administration

Complaint for Forfeiture
No. 07-

8